**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDREW RHETT, | : |
| Petitioner, | : Civil Action No. 08-3076 (RBK) |
| v. | : **O P I N I O N** |
| T. MICHAEL POWER, | : |
| Respondent. | : |

**APPEARANCES:**

Andrew Rhett, <u>Pro Se</u>
#213096
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Matthew M. Bingham
Office of the Cumberland County Prosecutor
43 Fayette Street
Bridgeton, NJ 08302
Attorney for Respondent

**KUGLER, District Judge**

 Petitioner Andrew Rhett, a prisoner currently confined at the East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Administrator T. Michael Power.

 For the reasons stated herein, the petition must be denied.

**BACKGROUND**

**A.   Factual Background**

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division ("Appellate Division").[1]

> Defendant's convictions arose out of conduct occurring on February 15, 1988. ... . On that date, defendant approached Wayne Durham and his girlfriend, Penny Ruddish, as they were sitting in a car at a Jack Rabbit store in Bridgeton, New Jersey, and sought a ride to Burlington Road. Reddish, the driver, agreed, and defendant entered the car. After driving approximately five to ten minutes, defendant asked Ruddish to pull over so that he could get out. Ruddish complied, and Durham, seated in the passenger seat, pulled his seat-back forward to aid defendant's exit. As Durham engaged the seat lever, defendant pushed the seat, pinning Durham to the windshield, and struck Durham on the left temple with a sharp object that looked like a knife.
>
> While this was occurring, Ruddish noticed that her purse, resting on the console between the two front seats, was moving. When Ruddish tried to stop defendant from taking the purse, defendant threatened that he would "cut her up badly or kill her." Ruddish thereupon hit defendant, who then cut her across the face with a knife or a piece of glass. Although, after a struggle, Ruddish maintained control of her purse, she sustained significant injuries to her face, consisting of two major cuts, one over the left eye, and one extending from her mouth to her jaw, requiring in excess of fifty stitches to close. Permanent scarring and partial facial paralysis resulted.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> On our initial remand of the matter for resentencing as the result of the improper imposition of two extended terms, see N.J.S.A. 2C:44-5a(2), we stated that upon remand, the trial judge should give consideration to merger arguments that had been raised by defendant in his appeal. The trial judge did so, and he again determined that consecutive sentences were warranted, stating:
>
>> The sentences are consecutive because the aggravated assault was an intentional criminal act beyond that required to support the robbery conviction. It was an act of violence not even necessary to rob the victims or escape afterwards. The victim was a Good Samaritan wantonly and savagely slashed and permanently disfigured by the defendant.

See Respondent's Exhibit ("RE") 27 (internal citations omitted).

**B.   Procedural History**

On March 29, 1988, a Cumberland County Grand Jury returned an indictment charging defendant with four counts: first-degree robbery (count one); second-degree aggravated assault (count two); third-degree possession of a weapon for an unlawful purpose (count three); and fourth-degree possession of a weapon by a convicted felon (count four).

A jury trial was conducted in the Superior Court of New Jersey, Cumberland County from December 13-14, 1988. Petitioner was found guilty of counts one and two. On June 16, 1989, Petitioner was sentenced. However, the sentence was vacated on appeal and the matter was remanded for resentencing, and for consideration of whether counts one and two should have been merged. On August 9, 1991, Petitioner was resentenced to life

3

with a 25-year period of parole ineligibility on the robbery count, and to 10 years with a 5-year period of parole ineligibility on the aggravated assault count, to be run consecutive to each other.  Petitioner did not appeal the resentencing.

Petitioner filed a state court petition for post-conviction relief (PCR) on or about March 30, 1992.  The trial court denied relief on June 19, 1992.  The Appellate Division affirmed the denial of relief on August 23, 1994.

On or about March 8, 2004, Petitioner filed a motion for reconsideration of sentence and motion for change of custody.  A hearing was conducted on July 23, 2004.  The motion for change of custody was withdrawn and the motion for reconsideration was heard on the merits; however, on August 4, 2004, the motion judge found that the motion for reconsideration was both procedurally and substantively barred.

On June 28, 2007, the Appellate Division affirmed the denial of the motion, and on September 20, 2007, the New Jersey Supreme Court denied certification of the judgment.

This petition, filed on June 16, 2008, followed.  Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on July 14, 2008.  An Order to Answer was issued and Respondent filed a response to the petition on November 6, 2008.

4

**C.    Petitioner's Claim**

Petitioner makes only one argument, as follows:

> Petitioner was convicted of first-degree robbery by virtue of his infliction of serious bodily injury upon the victim, and convicted of aggravated assault by virtue of the same serious bodily injury which elevated the aforementioned robbery to a first-degree offense. Petitioner was illegally sentenced to consecutive terms for two offenses that should have merged.

(Petition, ¶ 12).

Petitioner's claim was exhausted through the state courts. The Appellate Division, in reviewing the claim, found:

> N.J.S.A. 2C:15-1b elevates armed robbery to a crime of the first degree if, in the course of committing a theft, the perpetrator "attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon."  In this case, defendant's threats to cut or kill Ruddish were sufficient to establish a foundation for the first-degree crime.  The slashings that occurred thereafter were gratuitous-a vengeful response to Ruddish's resistance.  In a circumstance such as this, in which the injury was disproportionate to the threat or force necessary to accomplish the crime, we perceive no grounds for disturbing the sentencing judge's determination to impose consecutive sentences.

RE 27 (internal citations omitted).

## DISCUSSION

**A.    Standards Governing Petitioner's Claims.**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

5

>application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court

6

either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. See id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts.  See Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent."  Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a

7

measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.    The Petition Must Be Denied.**

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies."  See Grecco v. O'Lone, 661, F. Supp. 408, 415 (D.N.J.1987)(citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

For example, in Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected Petitioner's due process challenge to a life sentence imposed by the Pennsylvania courts.  Petitioner argued that the sentencing judge mistakenly regarded as mandatory a sentence which was discretionary.  The Supreme Court held:

> We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied.  We cannot treat a mere error of state law, if one occurred, as a denial of due

>     process; otherwise, every erroneous decision by a state
>     court on state law would come here as a federal
>     constitutional question.

Id. at 731.

Here, Petitioner claims solely an error of state law, which is not amenable to correction in a federal habeas corpus proceeding. See 28 U.S.C. § 2254(a). The Appellate Division reviewed the resentencing judge's decision and found that it comported to state law. Moreover, to the extent this Court has jurisdiction to entertain this issue, it is clear from a review of the record that the sentence imposed adheres to state law. See N.J.S.A. 2C:44-5. Petitioner is not entitled to relief on this claim.

Under federal law, it is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))). "No right exists under the Fourteenth Amendment to a correct determination of state law." Hochman v. New Jersey Supreme Court, 1990 WL 126198 at *4 (D.N.J. Aug. 27, 1990)(unpubl.)(citing Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984)). In this case, Petitioner expresses disagreement with the New Jersey state

9

court's interpretation of a New Jersey sentencing statute.  Thus, Petitioner has failed to state a federal claim.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability will issue.

### **CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: May 18, 2009